IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LES CHRISTOPHER BURNS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:15cv00563 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| JUETTE REYNOLDS, | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Les Christopher Burns, a federal inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. §1983 against Juette Reynolds, a Bedford County Sheriff's Office Deputy. Having reviewed the complaint, the court finds that Burns' allegations fail to state a cognizable federal claim against the defendant and, therefore, the court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Burns alleges that "Officer Reynolds obtained and executed a search warrant on March 27, 2013. Upon execution, electronic storage devices were seized. Among these items were multiple laptop computers and other media devices. No charges were ever filed. None of the property has been returned." As relief, Burns asks the court to order the return of all of his property and compensation for lost wages totaling $9,000.00, "filing and court fees," and "attorney costs."

To state a claim for relief under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A plaintiff must assert factual allegations that raise a right to relief that is "plausible on its face," not one that is speculative or merely "conceivable." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must dismiss an action or claim filed by a prisoner against an employee of a governmental entity if the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). In this case, Burns' only allegation against the defendant is that he "obtained and executed a search warrant." Burns does not allege that the search warrant was unlawfully obtained or executed. The court finds that Burns' allegations fail to state a cognizable federal claim against the defendant and, therefore, the court will dismiss the complaint without prejudice pursuant to § 1915A(b)(1).

Entered: December 1, 2015.

*Elizabeth K. Dillon*
United States District Judge